```
                   UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF FLORIDA
                         TAMPA DIVISION
```

STELLA GOMEZ,

    Plaintiff,

v.                                     Case No. 8:15-cv-324-T-33EAJ

BANK OF AMERICA CORPORATION,
BAC HOME LOANS SERVICING, LP f/k/a
COUNTRYWIDE HOME LOANS SERVICING LP,

    Defendants.
_____/

## ORDER

This matter comes before the Court pursuant to pro se Plaintiff Stella Gomez's February 17, 2015, "Emergency Complaint for Injunctive and Other Equitable Relief from Defendant and Injunction Against Execution of Internet Auction Sale Scheduled by Defendant Today February 17, at 10:00 AM on the basis of Defendant's Alleged Fraud, Deception, Especially in View of Consent Judgment Previously Elsewhere Agreed by Defendant (See Exhibit B), Plaintiff Requests this Honorable Federal Court to Issue Both, Injunctive Relief Against Said Interline Auction Sale to Further Injure Plaintiff and Other Equitable Relief this Court Deems Just." (Doc. # 1).

In her Complaint, Plaintiff seeks an Order enjoining the auction of her Clearwater, Florida home, which is scheduled to take place today. The Court notes that the auction is scheduled to take place at 10:00 AM and Plaintiff's Complaint was filed at

9:11 AM this morning. Plaintiff indicates that the auction, which was authorized by the Circuit Court in and for Pinellas County, Florida, should be halted because she is the victim of fraud, racial discrimination, abuse of the elderly, predatory lending, and other unlawful practices. She also contends that the state court authorized the auction of the property "as a result of false statements made by the Defendant's Attorneys" Justin Suss, Esq. and Jacqueline Brown, Esq. (Doc. # 1 at 1-2). Furthermore, Plaintiff alleges that "Defendant routinely deceives consumers from the Spanish speaking communities, [including] people who have little understanding of the English language." (Id. at 7).

In addition to seeking an injunction with respect to the auction of her home, Plaintiff seeks a "Federal audit of all State of Florida Attorneys representing the Defendants, the State judiciary and any other State representatives participating in Court cases in Florida Courts, where the Defendant was/is the Plaintiff and/or creditor in foreclosure actions as there are hundreds of thousands of cases where this Defendant has been adjudged guilty of fraud, in addition to deceptive practices." (Id. at 1).

Plaintiff indicates that she "brings this action under Section 13(b) of the Federal Trade Commission Act ('FTC Act'),

15 U.S.C. § 53(b), to secure a permanent injunction, rescission of contracts and restitution, disgorgement of ill-gotten gains, and other equitable relief against Defendants for engaging in unfair or deceptive acts or practices in connection with the brokering, originating, and closing of mortgage loans in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), § 45(b), § 53(a) and § 53(b)." (Doc. # 1 at 3).[1]

**Discussion**

The Federal Trade Commission Act does not create a private right of action. Fulton v. Hecht, 580 F.2d 1243, 1248 n.2 (5th Cir. 1978)("There is no private cause of action for violation of the FTC Act."); Austin v. Am. Gen. Fin., Inc., 900 F. Supp. 396, 399 (M.D. Ala. 1995)("The FTCA does not contain a civil enforcement provision . . . . In fact, there is no private cause of action under the Federal Trade Commission to enforce a violation of its rules."). Only the Federal Trade Commission may sue under the Federal Trade Commission Act. Roberts v. Chase Home Fin., LLC, No. 2:10-cv-2432, 2010 U.S. Dist. LEXIS 144688, at *15 (N.D. Ala. Nov. 22, 2010).

The Court thus determines that the Complaint, as drafted,

---

[1] 15 U.S.C. § 53(b) gives the Federal Trade Commission the authority to seek, and gives the district court authority to grant, injunctive relief in appropriate circumstances.

3

does not state a basis for the Court's exercise of jurisdiction over this matter. The Court accordingly dismisses the Complaint without prejudice. However, in the interest of fairness, the Court will allow Plaintiff the opportunity to amend her Complaint to provide additional jurisdictional allegations. Plaintiff has until and including March 18, 2015, to file an Amended Complaint, if she so chooses.

In addition, even if Plaintiff had stated a proper basis for the Court's exercise of subject matter jurisdiction, the Court would not be in a position to enjoin the state court auction of her home because, under the Anti-Injunction Act, a district court "may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. None of the three exceptions apply here; therefore, the Court cannot enjoin the state court's foreclosure proceeding. See, e.g., Arthur v. JP Morgan Chase Bank, NA, 569 F. App'x 669, 678 (11th Cir. 2014)(upholding application of Anti-Injunction Act to deny request for injunction regarding state court foreclosure); Phillips v. Charles Schreiner Bank, 894 F.2d 127, 131-32 (5th Cir. 1990)(interpreting the Anti-Injunction Act "as an absolute bar to any federal court action that has the effect of staying

4

a pending state court proceeding unless that action falls within one of the Act's three specifically designated exceptions.").

The Court also notes that Plaintiff's request for injunctive relief is procedurally defective because the Court's Local Rules require that applications for injunctive relief "be made by a separate motion." <u>See</u> Local Rule 4.05(b)(1); 4.06(b)(1), M.D. Fla. Plaintiff's request for injunctive relief is also subject to denial because she has not addressed "(i) the likelihood that the moving party will ultimately prevail on the merits of the claim; (ii) the irreparable nature of the threatened injury and the reason that notice cannot be given; (iii) the potential harm that might be caused to the opposing parties or others if the order is issued; and (iv) the public interest." Local Rule 4.05(b)(4), M.D. Fla.

Although the Court determines that it is appropriate to dismiss the Complaint without prejudice and with leave to amend because Plaintiff has not provided a basis for the Court's exercise of jurisdiction, the Court notes that, if Plaintiff believes that the auction of her home was authorized based on a false statement to the state court, that Plaintiff should bring such allegation to the attention of the state court that authorized the auction. In addition, without weighing on the merits of the allegations raised in the Complaint, if Plaintiff

5

contends that counsel for Defendant Bank of America have made false statements to a member of the judiciary, the Court notes that Plaintiff may contact the Florida Bar at 1-866-352-0707. In addition, while Plaintiff indicates that she is represented by counsel in the state court proceedings (Doc. # 1 at 2), Plaintiff may benefit from contacting Bay Area Legal Services at 727-490-4040 and Gulf Coast Legal Services at 727-821-0726 if she requires further assistance in this matter, in which she is appearing pro se.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Plaintiff's Complaint is dismissed without prejudice for failure to provide a basis for the Court's exercise of jurisdiction. Plaintiff has until and including **March 18, 2015**, to file an Amended Complaint stating an appropriate jurisdictional basis, if she so chooses.

(2) Plaintiff's request for injunctive relief is **DENIED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 17th day of February, 2015 at 1:30 p.m.

*[signature]*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to:   All Parties of Record