UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STELLA GOMEZ,

    Plaintiff,
v.                             Case No. 8:15-cv-324-T-33EAJ

BANK OF AMERICA CORPORATION,
BAC HOME LOANS SERVICING, LP f/k/a
COUNTRYWIDE HOME LOANS SERVICING LP,

    Defendants.
_____/

**<u>ORDER</u>**

This matter comes before the Court pursuant to pro se Plaintiff Stella Gomez's "Amended Emergency Complaint to 1) Ask this Court to Remove the Court's Order from Track 2 on the basis of a Federal Agency Agreed Defendant Appears to have Committed Fraud and Expressed Interest into Investigating Defendant's Alleged Fraud, Deception and other Illegal Acts to Look.  We Cannot Limit a Federal Agency's Amount of Time to Conduct their Investigation; 2) Based upon Results of Said Independent Federal Investigation Plaintiff will Request this Court to Order Defendant to Grant her Equitable Relief and Damages," which was filed on March 18, 2015. (Doc. # 5).  As explained below, the Court dismisses the Amended Complaint without prejudice for failure to provide an appropriate jurisdictional basis.  In addition, to the extent Plaintiff seeks an order removing the Court's designation of the case as a Track Two Case, the Motion

is denied.

I. **Background**

Plaintiff initiated this action on February 17, 2015, by filing an "Emergency Complaint for Injunctive and Other Equitable Relief" in which she requested that this Court enjoin a state court foreclosure sale of her home set for February 17, 2015. (Doc. # 1). On February 17, 2015, the Court entered an Order denying injunctive relief and dismissing the Complaint without prejudice. (Doc. # 2). The Court explained that the Anti-Injunction Act barred this Court from interfering with the state court foreclosure proceedings. (Id. at 4). The Court further noted that the Complaint, as pled, failed to provide a basis for this Court's exercise of federal subject matter jurisdiction. (Id. at 5). The Court authorized Plaintiff to file an Amended Complaint by March 18, 2015, to establish an appropriate basis for the Court's exercise of subject matter jurisdiction. (Id. at 6). By separate Order dated February 17, 2015, the Court designated this action as a Track Two Case pursuant to Local Rule 3.05, M.D. Fla. (Doc. # 3).

II. **Plaintiff's Amended Complaint**

Plaintiff timely filed an Amended Complaint; however, the Court's review of the Amended Complaint reveals that it lacks an appropriate jurisdictional basis. In the section of her Amended

2

Complaint titled "Jurisdiction and Venue," Plaintiff indicates: "subject matter jurisdiction *is* conferred upon this Court by the fact that the Defendant is a banking institution, under the purview of the FDIC." (Doc. # 5 at 3).

To the extent Plaintiff predicates the Court's subject matter jurisdiction on suing an entity that is regulated by the FDIC, her jurisdictional allegations are insufficient. While the Court has jurisdiction over actions in which the FDIC is "involved in the litigation in any capacity," simply being "under the purview of the FDIC," as alleged in the Amended Complaint, is not sufficient involvement to justify the Court's exercise of subject matter jurisdiction. RES-GA Four LLC v. Avalon Builders of GA LLC, No. 5:10-cv-463, 2012 U.S. Dist. LEXIS 485, at *19 (M.D. Ga. Jan. 4, 2012). In addition, Plaintiff makes reference to violation of "US Federal Banking Laws" but fails to specify any law or regulation that any Defendant may have violated. (Doc. # 5 at 10).

The Court thus determines that the Amended Complaint, as drafted, does not state a basis for the Court's exercise of jurisdiction over this matter. The Court accordingly dismisses the Amended Complaint without prejudice. However, in the interest of fairness, the Court will allow Plaintiff the opportunity to file a Second Amended Complaint to provide

3

additional jurisdictional allegations. Plaintiff has until and including April 24, 2015, to file a Second Amended Complaint, if she so chooses.

### III. Track Two Designation

In addition, although Plaintiff titles her Amended Complaint an "emergency" filing, she actually requests that the Court retract its designation of the case as a Track Two Case and take no action on the case pending a federal investigation. The Court declines to do so. The Court "must take an active role in managing cases on [its] docket." Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1366 (11th Cir. 1997). As further stated in Chudasama, this Court enjoys broad discretion "in deciding how best to manage the cases before [it]." Id. The Court determines that it is not appropriate to "remove" the designation of this case as a Track Two Case or to otherwise stay this case based on the possibility of a pending federal investigation, especially because Plaintiff has not provided any indication that an investigation is actually underway.

"Track Two Cases will normally consist of non-complex actions which will require a trial, either jury or non-jury, absent earlier settlement or disposition by summary judgment or some other means." Local Rule 3.05(b)(2), M.D. Fla. Furthermore, "[i]t is the goal of the court that a trial will be

4

conducted in all Track Two Cases within two years after the filing of the complaint, and that most such cases will be tried within one year after the filing of the complaint." Local Rule 3.05(c)(2)(E), M.D. Fla.  Plaintiff has not provided any basis for changing the designation of this case, and from the Court's review of the file, it appears that this case was properly designated as a Track Two Case.

Furthermore, Local Rule 3.01(e), M.D. Fla. specifies that "Motions of an emergency nature may be considered and determined by the Court at any time in its discretion.  The unwarranted designation of a motion as an emergency motion may result in the imposition of sanctions."  The Court finds that Plaintiff's designation of her Amended Complaint as an "emergency" filing is inappropriate, especially because Plaintiff specifically requests that the Court take no action on her Amended Complaint. Plaintiff is warned that any future designation of a non-emergency filing as an "emergency" may lead to the imposition of sanctions.  See Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) ("Once a pro se . . . litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure.  These rules provide for sanctions for misconduct and for failure to comply with court orders.")

Accordingly, it is hereby

5

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Plaintiff's Amended Complaint is dismissed without prejudice for failure to provide a basis for the Court's exercise of jurisdiction. Plaintiff has until and including **April 24, 2015**, to file a Second Amended Complaint stating an appropriate jurisdictional basis, if she so chooses.

(2) Plaintiff's "emergency" request to remove the designation of this case as a Track Two Case (Doc. # 5) is **DENIED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>24th</u> day of March, 2015.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to: All Parties of Record

6